MARIA ANN SPURGEON V. JOHN SPURGEON.

REPLEVIN, *Not Maintained by Wife of Absconding Husband.* Where the husband had a written lease of one hundred and sixty acres of land, most of which he had sowed in fall wheat, and in November, after the wheat had been sowed, he handed his father the lease and said to him, "This lease is yours; I got it for your special benefit;" and soon thereafter the husband abandoned his family, consisting of a wife and two children, and left the country, going to a distant state; and the father, the next summer, when the wheat was ripe, cut and stacked the same, and while he was threshing it an action of replevin was commenced by the wife of the absent husband to recover possession of the wheat; and thereafter, and before the trial, the husband made a written assignment of the lease, dating it as of the time he handed to his father: *Held,* That the wife of the absconding husband has no title to the wheat raised upon the leased land, and is not entitled to maintain an action in her own name to recover possession of any part of it.

*Error from Lincoln District Court.*

ACTION by *Maria A. Spurgeon* against *John Spurgeon*, for the possession of certain wheat. Judgment for defendant, at the October Term, 1883, of the district court. Plaintiff brings the case to this court. The facts are stated in the opinion.

*A. G. Hardesty,* and *Garver & Bond,* for plaintiff in error.

*J. P. Cummins,* and *Lon A. Minx,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially these: On September 2, 1882, John Spurgeon, jr., the husband of the plaintiff, leased by articles in writing, from Jennie Gorton, the southwest quarter of section 25, township 12 south, of range No. 7 west, in Lincoln county, to put into wheat for one crop. Jennie Gorton was to furnish ninety bushels of wheat for seed, and John Spurgeon, jr., agreed to give her one-third of all the wheat raised on the premises, as rent, and to return to her for the seed wheat furnished, ninety-nine bushels of No. 3 wheat, to come out of the other two-thirds.

John Spurgeon, jr., took possession of the premises and put in about 125 acres of fall wheat, Jennie Gorton, through her husband, furnishing the wheat sowed. Before John.Spurgeon, jr., rented the Gorton farm, he talked with his father, John Spurgeon, sr., about renting and working this farm together. His father told him that he might, and he would do what he could. In November, 1883, the son John came to his father and handed him the lease, and said, "This lease is yours; I got it for your special benefit." The father helped plow three or four days on the 125 acres, and cut out sunflowers three or four days. In December, 1882, John Spurgeon, jr., abandoned his family, consisting of a wife and two children —left the country, going to Colorado.

The defendant, in the summer of 1883, cut and stacked the wheat, of which there were about 1,800 bushels, it costing him $1.50 per acre to head it. While he was threshing the wheat, this action was commenced, and in the month of August, 1883, but before the trial took place, John Spurgeon, jr., indorsed upon the written lease, in his handwriting, the following: "For value received, I hereby assign this lease to John Spurgeon, this fifth day of November, 1882.—JOHN SPURGEON." After this action was commenced, the plaintiff turned over to Mrs. Gorton ninety-nine bushels in return for the seed wheat, and also her full share thereof, and retained the remainder.

From these facts and others testified to upon the trial, the plaintiff had no title to the wheat in controversy, and no right of possession of any part of it. If it did not belong to the defendant, the ownership thereof was in the husband. If he was the owner when he absconded, and the assignment and transfer of the lease were merely to secure debts due the defendant, the husband continued to be the owner—a mere absent owner—and his wife by his absence did not thereby become, by implied authority or otherwise, the owner of the same, or entitled to bring an action in her own name to recover possession thereof. There is no evidence in the record showing that when John Spurgeon abandoned his family and left

the country, he left his property to the control and disposition of his wife. On the other hand, the evidence is all the other way as to the wheat in controversy. As far as he could, the husband gave the control thereof to his father. Soon after the wheat was sowed, he told his father that the lease was his; that he got it for his special benefit, and within a short time after this action was commenced, he made the written assignment of the lease. If the father is liable to account to anyone for the wheat, or any part thereof, his son, John Spurgeon, jr., is the one to whom he is liable. The plaintiff had no case. The special findings of the jury, including the one that the plaintiff had an interest in the wheat in controversy, are not supported by the evidence; and therefore under the circumstances, the trial court committed no error in instructing the jury to return a verdict for the defendant and in setting aside the special findings. (*Savage v. Davis*, 18 Wis. 608; *Benjamin v. Benjamin*, 15 Conn. 347.)

We have examined the authorities referred to, and do not think they are in conflict with any views herein announced. Even if the law be as claimed by the plaintiff in regard to the rights of a wife deserted by her husband, she has not brought herself within its terms, because there is no evidence in the record showing that when John Spurgeon, jr., absconded, he left his wife and children in needy and destitute circumstances.

The judgment of the district court will be affirmed.

All the Justices concurring.